```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

MOBILE MEDICAL INTERNATIONAL          :
CORPORATION,                          :
                                      :
    Plaintiff,                        :
                                      :
        v.                            :    Case No. 2:07-cv-231
                                      :
ADVANCED MOBILE HOSPITAL SYSTEMS,     :
INC., TRACTUS MEDICAL, INC., and      :
DOES 1-10,                            :
                                      :
    Defendants.                       :

### MEMORANDUM OPINION and ORDER

    Mobile Medical International Corporation ("MMIC") has sued Advanced Mobile Hospital Systems, Inc. ("AMoHS"), its subsidiary Tractus Medical, Inc. ("Tractus"), and unidentified business entities or individuals who are alleged to have acted in concert with AMoHS and Tractus, for declaratory and injunctive relief in connection with a patent ("the '435 patent") owned by AMoHS and Tractus related to mobile operating rooms.  AMoHS and Tractus have counterclaimed for patent infringement.  The '435 patent will expire in April 2009.

    MMIC filed this lawsuit on October 30, 2007, and served AMoHS and Tractus on January 7, 2008.  AMoHS and Tractus answered and counterclaimed on January 28, 2008.  MMIC filed a request for reexamination of the '435 patent with the United States Patent and Trademark Office ("PTO") on February 25, 2008,[1] and has now

---

[1] The Court notes that as of April 11, 2008 the PTO vacated the filing date of February 25, 2008 for the reexamination request

moved to stay all discovery in this case for six months in order for the PTO to make its determination.  MMIC has also moved for partial summary judgment on its counterclaim defense of laches, asserting that AMoHS and Tractus have had knowledge of MMIC's activities for longer than ten years without taking any action to enforce their rights.

AMoHS and Tractus oppose the stay and seek to pursue discovery, citing among other reasons the need to engage in immediate discovery to respond to MMIC's summary judgment motion. For the reasons that follow, AMoHS and Tractus's motion for entry of discovery order (Doc. 12) is **granted**; MMIC's motion to stay pre-trial discovery (Doc. 11) is **denied without prejudice.** Discovery in this matter shall proceed.  In the event that the deadline for dispositive motions arrives before the PTO rules on reexamination, and having the benefit of its ruling would simplify and/or illuminate the issues before the Court, MMIC may re-file a motion to stay proceedings.

Section 302 of Title 35 provides that any person may file a request for reexamination of any claim of a patent on the basis of prior art.  35 U.S.C. § 302.  Within three months of the

---

for failure to comply with the notice provisions of 37 C.F.R. § 1.510(b)(5), although MMIC has requested that the filing date be reinstated.  See Notice of Incomplete Ex Parte Reexam Request; Applicant Response to Pre-Exam Formalities Notice, Apr. 11, 2008, http://portal.uspto.gov/external/portal/pair (access "Application Number 90/009055; then follow "Image File Wrapper" hyperlink).

filing of a request for reexamination the PTO must determine whether a substantial new question of patentability is raised by the request.  *Id.* § 303(a).[2]  If the PTO makes such a determination, the patent owner has at least two months to file and serve a statement, and the person requesting reexamination has two months to file and serve a reply.  *Id.* § 304.  The PTO then conducts a reexamination proceeding, including any internal appeal, "with special dispatch."  *Id.* § 305.  Commentators have found that a PTO reexamination proceeding takes an average of 21.2 months to complete, and that claims are cancelled in only about ten percent of the proceedings.  *See* Paul Morgan & Bruce Stoner, *Reexamination vs. Litigation - Making Intelligent Decisions in Challenging Patent Validity*, 86 J. Pat. & Trademark Off. Soc'y 441, 461 (2004).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  A court is not required to stay its proceedings, *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001), given that "challenging validity in a court and requesting PTO reexamination

---

[2]  The PTO grants the vast majority of such requests for reexamination.  *See* Performance & Accountability Report Fiscal Year 2007, Table 13A, *available at* http://www.uspto.gov/web/offices/com/annual/2007/50313a_table13a.html.

'are concepts not in conflict.'" *Ethicon*, 849 F.2d at 1428 (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) (en banc)).

In determining whether to grant a such a stay, courts will consider factors such as "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set." *Xerox Corp. v. 3ComCorp.*, 69 F. Supp. 2d 404, 406-07 (W.D.N.Y. 1999); *accord MercExchange, L.L.C. v. eBay, Inc.*, 511 F. Supp. 2d 556, 563 (E.D. Va. 2007); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005).

Although the Court stops short of finding that MMIC is deliberately manipulating the timing of its cases before the PTO and this Court in order to gain a tactical advantage, the effect of MMIC's conduct is to place AMoHS and Tractus at a disadvantage if a stay of discovery is granted. MMIC chose to initiate litigation in this Court. AMoHS and Tractus have defended, counterclaimed for patent infringement, and sought discovery. MMIC promptly moved for summary judgment on the fact-intensive issue of whether AMoHS and Tractus unduly delayed pursuing their patent infringement claim, and then sought a stay of discovery in this Court, pending the outcome of its reexamination request

before the PTO.[3]  In this regard, it is not insignificant that MMIC continues to press its summary judgment motion while seeking to halt any efforts by AMoHS and Tractus to prepare themselves for trial.

A stay pending reexamination will not necessarily simplify the issues for trial in this case.  Unless all claims are cancelled, the issues of validity and infringement will still need to be decided.  The reexamination proceeding will not address laches or patent misuse, which may or may not remain at issue at the time of trial.  The early stage of these proceedings weighs in favor of a stay, however, as AMoHS and Tractus acknowledge.

Given that a stay will put AMoHS and Tractus at a clear tactical disadvantage, and will not necessarily simplify or clarify the issues for trial, the Court **denies** MMIC's motion to stay pre-trial discovery, despite the early stage of this litigation.  AMoHS and Tractus's motion for entry of discovery order is **granted**.

---

[3]  MMIC has suggested alternatively that discovery might proceed limited to the laches issue.  Such a limitation risks unnecessary and time-consuming disputes over whether an area of inquiry relates to the laches defense or to other issues, or whether a seemingly tangential area may lead to admissible evidence on laches.  It is also likely that individuals who may be deposed concerning laches will have information on other relevant issues in the case, and would face a second deposition should the case proceed.

Dated at Burlington, in the District of Vermont, this 14th day of April, 2008.

                                        <u>/s/ William K. Sessions III</u>
                                        William K. Sessions III
                                        Chief Judge
                                        U.S. District Court