```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

MOBILE MEDICAL INTERNATIONAL     :
CORPORATION,                     :
                                 :
     Plaintiff,                  :
                                 :
          v.                     :   Case No. 2:07-cv-231
                                 :
ADVANCED MOBILE HOSPITAL SYSTEMS,:
INC., TRACTUS MEDICAL, INC., and :
DOES 1-10,                       :
                                 :
     Defendants.                 :
```

**MEMORANDUM OPINION and ORDER**

Defendants (collectively "AMoHS") have moved pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure to quash deposition subpoenas directed to the law firm of Downs Rachlin Martin PLLC ("DRM") and attorney Lawrence Meier, Esq.  The motion, ECF No. 118, is **granted in part and denied in part**, as set forth in more detail below.

DRM represents AMoHS in this lawsuit seeking a declaration that the patent claims of U.S. Patent Number 4,915,435 ("the '435 patent") are invalid, and Meier is one of the lead attorneys in that representation.  AMoHS contends that the attempts to depose its counsel are an abuse of the discovery process and are not reasonably calculated to lead to the discovery of admissible evidence.[1]

---

[1] Plaintiff also served demands for document production, concerning which Defendants have served objections pursuant to Rule 45(c)(2)(B).  No motion to compel having been filed, this decision addresses only the motion to quash the subpoenas compelling deposition attendance.

AMoHS has counterclaimed against Plaintiff Mobile Medical International Corp. ("MMIC") for "direct and indirect patent infringement."  Am. Countercl. Count I, ECF No. 88.  Among its defenses to the Amended Counterclaim, MMIC alleges that the patent is unenforceable because patentee and counsel were aware of multiple materially relevant prior art references that they did not cite during examination or reexamination of the '435 patent.  Answer 7-8, ECF No. 92.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc).  The defense of inequitable conduct is an issue of substantive patent law.  *See, e.g.*, *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010).  "'Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a patent case, if those materials relate to an issue of substantive patent law.'" *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006) (quoting *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001)); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803-04 (Fed. Cir. 2000) (holding that a determination of the applicability of attorney-client privilege to an invention record implicates the substantive patent law of inequitable

conduct).  The Court therefore applies Federal Circuit law to the issue of whether MMIC may depose the patent prosecution attorneys with respect to its defense of inequitable conduct.  *See, e.g.*, *Brigham & Women's*, 707 F. Supp. 2d at 469 (applying the law of the Federal Circuit to the issue of waiver of attorney-client privilege); *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 623 (N.D. Cal. 2006) (same).  The Court notes, however, that under the "flexible approach to lawyer depositions" endorsed by the Second Circuit, it would follow the same route in resolving the issue.  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).[2]

The parties agree that the subpoenas seek testimony covered by attorney-client privilege.  AMoHS argues broadly that the subpoenas violate Rule 45[3] and that it has not waived attorney-

---

[2]  In this Circuit, a judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship.  Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. . . . Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition . . ., but it is a circumstance to be considered.
*In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72.

[3]  AMoHS's arguments that the subpoenas issued in violation of Rule 45 and the Local Rules of Procedure lack merit.  Neither the federal nor the local rules bar an attorney admitted pro hac vice to this Court from signing subpoenas issued from this Court.  Although a subpoena that appears to require disclosure of privileged material may be quashed pursuant to Rule 45(c)(3), such a subpoena does not facially violate the rule.  A person served with such

client privilege.  MMIC responds equally broadly that because it has made an inequitable conduct claim it is entitled to depose patent prosecution counsel.

The subpoena listed thirteen topics of inquiry, only three of which appear to relate to a claim of inequitable conduct before the United States Patent Office.  For the remaining topics, numbered three through twelve, MMIC has not demonstrated that they have any relevance to a defense of inequitable conduct, and consequently no particular need for this information that it cannot obtain through other means of discovery.  As MMIC has not offered any other justification for invading the attorney-client privilege between litigation counsel and its client, the motion to quash is **granted** with respect to topics three through twelve.

Topic no. 1 seeks testimony concerning "[p]rosecution and reexamination of . . . [the '435 patent], including any communications regarding prior art, equipment required for invasive surgery, requirements for invasive surgery, and the scope of the claims of the '435 patent."  Topic no. 2 seeks testimony concerning "[r]equests during pendency of reexaminations of the '435 patent made by [DRM] regarding prior art to the '435 patent and diligence of [DRM] in collecting relevant prior art.  Topic no. 13 seeks testimony concerning

---

a subpoena may choose to obey it or move to quash or modify it.  *See* Fed. R. Civ. P. 45 (c)(3).

"[c]ollection, handling, disassembly, and production of the fax produced as AMoHS 4646-48, 4334-37, 4388-40, and 4341-49 and any missing pages of that fax."  MMIC has demonstrated that these areas of inquiry relate to its defense of inequitable conduct before the United States Patent Office, and the motion to quash is therefore **denied** as to these topics.  However during the depositions AmoHS may make specific objections to specific questions that it considers to be irrelevant to the claim of inequitable conduct.  *See, e.g.*, *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) (reserving decision on disputed assertions of privilege until the privilege is asserted at a deposition or on a privilege log).

    The motion to quash is **granted** as to topics three through twelve, and **denied** as to topics one, two and thirteen.


    Dated at Burlington, in the District of Vermont, this 3rd day of December, 2013.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge
