```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

MOBILE MEDICAL INTERNATIONAL    :
CORPORATION,                    :
                                :
     Plaintiff,                 :
                                :
          v.                    :    Case No. 2:07-cv-231
                                :
ADVANCED MOBILE HOSPITAL        :
SYSTEMS, INC., TRACTUS          :
MEDICAL, INC., and JOHN         :
DOES 1-10,                      :
                                :
     Defendants.                :
```

### OPINION AND ORDER

Plaintiff Mobile Medical International Corporation ("MMIC") has filed suit seeking a declaratory judgment as to its alleged infringement of U.S. Patent No. 4,915,435 (the "'435 Patent"). MMIC also challenges the validity of the '435 Patent. Defendants Tractus Medical, Inc., which allegedly owns the '435 Patent, and Advanced Mobile Hospital Systems, Inc. (collectively "AMoHS") have filed a counterclaim for patent infringement.

Pending before the Court is AMoHS's motion for judgment on the pleadings with respect to MMIC's affirmative defense of inequitable conduct. ECF No. 146. MMIC claims that during a re-examination of the '435 Patent by the United States Patent and Trademark Office ("PTO"), AMoHS acted inequitably by failing to disclose existing "prior art" of which it was aware. The AMoHS motion contends that MMIC's affirmative defense is inadequately pled. The motion is unopposed.

For the reasons set forth below, the motion for judgment on the pleadings is **granted**.

## Factual Background

The '435 Patent describes a transportable van in which invasive surgical procedures can be performed. It includes a laterally expandable portion that defines the operating room, with an operating table that can remain in the vehicle when the expandable portion is retracted. The unit includes all essential facilities for complete invasive surgical procedures, including pre- and post-op areas.

MMIC is a manufacturer of temporary surgical units, known as "mobile medical units." Having been accused by AMoHS of patent infringement, MMIC filed this lawsuit on October 30, 2007 challenging both the infringement claim and the '435 Patent's validity. AMoHS, of which Tractus Medical Inc. is a subsidiary, responded with a counterclaim for infringement. On February 25, 2008 and March 29, 2009, MMIC asked the PTO to reexamine the '435 Patent. The instant litigation was stayed on August 27, 2008 pending the outcome of the reexaminations.

During the first reexamination, the PTO found the claims in the '435 Patent unpatentable. The decision was reversed by the Board of Patent Appeals and Interferences, which found claims 1-18 and 30 valid. The parties then returned to this Court, and the instant litigation recommenced in 2012.

On March 21, 2013, MMIC filed its most recent answer to the infringement counterclaim. The answer included various "additional defenses." ECF No. 92 at 7-8. Among those is a defense of inequitable conduct, in which MMIC claims that AMoHS and others, including Defendants' counsel, failed to disclose certain "prior art" during the reexaminations. That defense alleges in full as follows:

> The '435 patent is unenforceable, at least because, upon information and belief, at least as early as February 2001, both the patentee and his counsel were aware of multiple materially relevant prior art references depicting medical vans with expandable or telescoping sides, including but not limited to publications cited to patentee by counsel for another accused infringer. Upon information and belief, these material prior art references were known to one or more of Defendants and/or their alter egos and/or their principals not later than 2001, and again in February 2005, as evidenced by correspondence finally produced by Defendants in January 2013. These material prior art references were not cited during the original examination of the application that led to the '435 patent or during reexamination 90/009,055 or reexamination 90/101,466 of the '435 patent. These prior art references were more relevant than the references cited during the original examination, and would have been material to the reexamination of the '435 patent because they clearly depict an "operating room" with mounted equipment not removed from the operating room when the expandable sides of the van expand or nest. The Defendants, their alter egos, their agents, and the inventor also failed to provide materially relevant information regarding expandable mobile lithotripsy units and expandable cardiac catheterization units to the USPTO, despite the inventor's knowledge that the alleged distinction between the operating room of such prior art units and the operating room or "invasive surgery room" of his alleged invention was merely the intended use of the room, *i.e.*, that users of his alleged invention would simply scrub their hands, clean surfaces carefully, and

>     wear surgical clothes ("greens") and surgical masks in
>     order to make the expandable room "sterile" for
>     surgical procedures.

ECF No. 92 at 7-8.  AMoHS now moves to dismiss this defense for inadequate pleading.

## Discussion

AMoHS submits its motion pursuant to Fed. R. Civ. P. 12(c) seeking judgment on the pleadings.  As a preliminary matter, it is not clear that the motion is filed under the appropriate rule.  Rule 12(c) generally applies to affirmative claims, while a separate rule, Fed. R. Civ. P. 12(f), allows the Court to "strike from a pleading an insufficient defense."  As the current motion seeks dismissal of an affirmative defense, the Court will apply Rule 12(f).  *See Wireless Inc. Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 300 (S.D.N.Y. 2011) (construing motion to dismiss a defense in a patent case as a motion to strike under Rule 12(f)); *Bazazi v. Michaud*, 856 F. Supp. 33, 34 (D.N.H. 1994) (construing plaintiff's motion for judgment on the pleadings as motion to strike affirmative defenses pursuant to Rule 12(f)).

AMoHS argues that MMIC's assertion of facts lacks the level of specificity required for an inequitable conduct claim, and should therefore be dismissed.[1]  In the context of a patent

---

[1] AMoHS's motion is unopposed.  Notwithstanding the lack of opposition, the Court has a duty to review the record to determine whether the moving party has established its entitlement to judgment as a matter of law.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

claim, Federal Circuit law determines the applicable pleading standard. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). A claim of patent unenforceability premised upon inequitable conduct sounds in fraud. Because it sounds in fraud, the claim or defense must be pled with particularity as required by Federal Rule of Civil Procedure 9(b). *Id.* at 1331 (citing *Ferguson Beauregard/Logic Controls, Div. of Dover Res. v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). To plead inequitable conduct "with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328; *see also Evonik Degussa GmbH v. Materia Inc.*, 2012 WL 4503771, at *6 (D. Del. Oct. 1, 2012) (discussing *Exergen* as the applicable heightened pleading standard for inequitable conduct).

"The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 n.3; *see also Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011), *cert. denied*, 133 S. Ct.

644 (2012).  While intent "may be averred generally" under Rule 9(b), a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual" acted with the requisite state of mind.  *Exergen*, 575 F.3d at 1328.

In *Exergen*, the Federal Circuit found that the inequitable conduct claim was insufficiently pled because it failed to "name the specific individual associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it."  *Id.* at 1329.  The complaint in that case alleged only that "'Exergen, its agents and/or attorneys'" had committed inequitable conduct.  *Id.*

AMoHS contends that MMIC's pleading is similarly flawed.  Indeed, MMIC's allegations claim that "[t]he Defendants, their alter egos, their agents, and the inventor failed to provide materially relevant information . . . ."  ECF No. 92 at 8.  In *Exergen*, the Federal Circuit explicitly required that a "specific individual" be identified.  575 F.3d at 1328.  Aside from the inventor, who is not a defendant in this case, MMIC's pleading does not identify any such individual.

The time period of the alleged offense or offenses is also vague.  MMIC claims that wrongful acts began "at least as early as February 2001" and took place "again in February 2005."  ECF

6

No. 92 at 8. The open-ended nature of the phrase "at least as early as" requires guesswork as to how many times, and precisely when, the alleged omissions would have taken place.

The contents of the alleged omissions are equally unclear. In *Exergen*, the Federal Circuit noted that in a prior case "inequitable conduct was alleged on the basis that an applicant 'failed to disclose all the relevant prior art known to it,' [and] we found this allegation deficient because it did not identify the specific prior art that was allegedly known to the applicant and not disclosed." 575 F.3d at 1327 (quoting *Cent. Admixture Pharm. Servs., Inc., v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356-67 (Fed. Cir. 2007)). Here, MMIC makes vague references to lithotripsy and catheterization units, but does not identify with precision the prior art that depicted these units. MMIC's pleadings therefore fail to meet the requirements of Rule 9(b), as interpreted by the Federal Circuit.

In its briefing, AMoHS acknowledges that MMIC offered greater specificity as to inequitable conduct in its Second Supplemental Invalidity/Unenforceability Contentions. ECF No. 146-1. Those Contentions were served upon Defendants, but were not provided to the Court until attached as an exhibit AMoHS's current motion. The Federal Circuit has held that "inequitable conduct, while a broader concept than fraud, must be *pled* with particularity." *Cent. Admixture Pharm. Servs., Inc.*, 482 F.3d at

7

1356 (emphasis added). MMIC submitted its contentions on April 3, 2014, but has not moved to amend its pleadings in the approximately 18 months since that time. Nor did MMIC file an opposition to the current motion.

Given these facts, and the requirement for particularity under Rule 9(b), the Court agrees that MMIC's pleading is insufficient.

## Conclusion

For the reasons set forth above, AMoHS's motion for judgment on the pleadings on plaintiff's affirmative defense of inequitable conduct (ECF No. 146) is **granted**.

DATED at Burlington, in the District of Vermont, this 29th day of October, 2015.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
